## IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF WILLIAM R. THROPP, II, DECEASED.

Ocean County Court
Probate Division

Decided March 15, 1951.

*Messrs. John V. B. Wicoff* and *George Gildea,* for Helen W. Thropp.

*Mr. Robert A. Lederer*, for the guardian of Jane Ellen Thropp.

———

Newman, J. C. C.  This is an application by the First National Bank of Toms River, New Jersey, in the capacity of guardian of Jane Ellen Thropp, a minor, for the allowance of maintenance of a minor child and allowance to meet expenses in connection with a contest of the will of William R. Thropp, II, deceased, under and by virtue of *R. S.* 3:2–29.

It appears that the will of the above named decedent was admitted to probate in the Ocean County Surrogate's Court on the 19th day of July, 1950, and an appeal from such probate has been taken and is now pending in the Ocean County Court, Probate Division.  The appeal from such probate has been taken by Dorothy S. Thropp, widow of the decedent and The First National Bank of Toms River, New Jersey, guardian of Jane Ellen Thropp, minor daughter of decedent.

The statute in question provides as follows:

"In all cases where any contest has arisen or shall arise in any court * * * touching the probate of any paper purporting to be the last will and testament of any person * * * the judge of the orphans' court * * * may upon petition made for that purpose * * * by any of his children * * * or by the next friend of any child above mentioned, if such child be under twenty-one years of age, make an order upon the person having the custody of the estate of such person for the payment, pending the contest over the probate of the will, out of the income of the estate of the decedent, of such allowance for the support and maintenance of such * * * child or children as the * * * judge may deem just; and such further allowance out of the income, or, if need be, out of the corpus, of such estate as may be necessary to meet the expenses incurred or to be incurred in conducting such contest concerning the probate of such will."

The statute further provides that the widow shall not have the benefit of this statute unless she shall have been living with the decedent at the time of his death.

It is admitted, in this case, that the widow was not living with her husband at that time and she does not join in this application.

Testimony was taken on this application for the purpose

of establishing facts to the satisfaction of the court that the child was in need of funds for her maintenance from her father's estate and further that she was in need of funds for the proper prosecution of the will contest.

I deem it the statute affords the court the right to order the use of the income and *corpus* of the father's estate in cases where the court is convinced there is a necessity on behalf of the minor child for such use. It therefore becomes incumbent upon the petitioner here to establish the following:

First—The petitioner must establish that he has reasonable grounds for contesting the will;

Second—That the infant would gain as a result of setting aside the contested will, and

Third—That the child is in need of funds for her support and maintenance and probably further in need of funds for the contesting of the will.

Mr. Justice Heher in the case of *In re Phillips,* 138 *N. J. Eq.* 96 (*Prerog.* 1946), affirmed 139 *N. J. Eq.* 557 (1946) speaking for the Court of Errors and Appeals concerning an application under this statute, said:

"This statutory function is in its essence discretionary, directed and controlled by the obvious policy of the enactment and the considerations which brought it into being; and we perceive no abuse of the authority. The legislative expression implies fair grounds for the contest and a measure of need as conditions prerequisite to the affirmative exercise of the power. The design was to enable one of the enumerated next of kin to prosecute an inquiry into the question of the validity of the purported will that, for the lack of means, could not otherwise be had. The power is to be sparingly exercised, only in cases of proved necessity, for the allowance of maintenance is without regard to the ultimate establishment of the contestant's right to share in the subject-matter of the purported will, and apparently without obligation of reimbursement no matter what the event, and thus the effectuation of the will of the testator is involved to that extent. There was no proof of such need here."

There was testimony at the hearing tending to disclose that the testator had become such a confirmed addict to the use of alcoholic drink that his mental competency had been greatly affected and that he may not have possessed the mental competency to make his will at the date thereof.

While the testimony offered on this point on this application is so far unconvincing there are two other points on which I feel this application can be disposed of without further discussing this question at this time. In order, however, that the parties would not be constrained to feel the question is now being decided on that point, I might add that only one or two witnesses were produced and I am informed a considerable number of witnesses will be later produced.

However, I deem it incumbent upon the applicant here to establish the need of the minor to delve into the decedent's estate in order to maintain herself and for suit money to contest her father's will.

It developed at the hearing that the minor is a girl about four and one-half years old and is the beneficiary under her grandfather's will and the owner of 2,049 shares of the capital stock of the William R. Thropp & Sons Company of Trenton, New Jersey. These shares of stock are held in trust by trustees named under the will of John Exton Thropp, father of the testator, William R. Thropp, II, with the income therefrom payable, after the death of William R. Thropp, II, to the said minor child. It is also provided that she become the absolute owner of the stock in question after the death of her father. The trustees of the John Exton Thropp estate have filed an accounting in the Mercer County Court, Probate Division, in which the value of the stock is listed at $327,840.

At the hearing the guardian of the minor testified that an offer of $90 per share had been made for either part or all of this stock belonging to the minor.

The mother of the child, with whom the child lives, testified that she had borrowed on the farm let to her by her husband, the sum of $7,500, of which amount she still had $2,500 available for her and her child's support.

The minor's estate has great value. It is the duty of the guardian to see that the minor's property is used for the minor's support. According to the testimony dividends were paid on the stock from 1939 to 1950 averaging $15,000 per year. Future dividends now belong to the minor and, of

course can be used for her maintenance and would seem to be more than ample if a like amount of dividends is maintained. In this connection the respondent produced a balance sheet as of December, 1949, showing the stock in question to be valued at $495,858. This balance sheet also showed total assets of the William R. Thropp & Sons Company of $479,500.01, including approximately $251,188.20 in cash and other investments of $342,210.36.

In view of the undoubted value of the ward's estate I feel there is no justification in the court permitting the guardian of the ward to use the assets of the decedent's estate at this time, either for the maintenance of the minor or for suit money in contesting her father's will.

There is an additional reason why this application should be denied and that is that the present will now under attack is practically identical, as far as the minor is concerned, with a will made by the same testator in May, 1946. The minor, under each will, is to receive the sum of $10,000 in trust, the income therefrom and so much of the principal thereof as in the trustee's judgment should be needed, to be used for the education of said minor, Jane Ellen Thropp, until she become 21 years of age, at which time she is to receive all the balance of said trust fund absolutely. Each will contained a clause that the minor was to receive all jewelry and silverware, to be delivered from time to time as soon as she becomes of sufficient age to appreciate and care for the same.

The two wills are identical, with the exception that in the 1946 will testator's wife was named residuary legatee and executrix and trustee and in the 1950 will testator's mother was named residuary legatee and executrix and trustee. In the event the 1950 will was set aside under the proceedings now before the court, the minor would receive the same legacy under the 1946 will, there being no contention that the testator did not possess mental capacity to execute the will on the former date.

For both of the reasons above stated I hereby deny the application by the guardian of the minor on the ground that necessity has not been established.